# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARL E. ANDERSEN, JR., | * |
| Plaintiff, | * |
| v. | * Civil Case No.: RDB-17-3229 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION[1], | * |
| Defendant. | * |

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 7]. I have considered the parties' cross-motions for summary judgment, and Mr. Andersen's Reply. [ECF Nos. 12, 18, 19]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that Plaintiff's motion be denied, the Social Security Administration's ("SSA") motion be denied, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g).

On January 31, 2013, Mr. Andersen applied for widower's insurance benefits. (Tr. 19-21). On March 9, 2013, the SSA notified Mr. Andersen that, although he was entitled to monthly

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

widower's benefits, he would not be paid because the amount of his benefit was less than two-thirds of the amount of his government pension. (Tr. 25-27). Upon Mr. Andersen's request for reconsideration, the SSA affirmed its initial determination on March 25, 2014. (Tr. 28-38). On June 17, 2016, a hearing was held before an Administrative Law Judge ("ALJ"). (Tr. 94-111). Following the hearing, the ALJ issued an unfavorable decision on September 12, 2016. (Tr. 9-14). The Appeals Council denied Mr. Andersen's request for further review, (Tr. 4-8), so the ALJ's 2016 decision constitutes the final, reviewable decision of the Agency.

As background, Mr. Andersen worked for the Department of the Navy and retired on May 3, 2001. (Tr. 110). Based on that employment, he receives a gross monthly annuity of $4,595.00 from a government pension. (Tr. 82). Pursuant to a qualified domestic relations order ("QDRO") issued on December 5, 1989, Mr. Andersen assigned 50 percent of the marital portion of his pension to his ex-wife, Carol Andersen. (Tr. 51-77). The portion of Mr. Andersen's pension assigned to Carol Andersen, and paid directly to her by the government each month, is $1,428.12. (Tr. 82). Mr. Andersen married Ms. Patricia Richards on August 23, 2003. (Tr. 15). Ms. Richards died in 2010. (Tr. 20). Subsequently, Mr. Andersen applied for, and became entitled to, monthly widower's insurance benefits. (Tr. 19-27). The Government Pension Offset ("GPO") provision of the Social Security Act provides that the amount of an individual's monthly Social Security benefit "shall be reduced (but not below zero) by an amount equal to two-thirds of the amount of any monthly periodic benefit payable to such individual for such month which is based upon such individual's earnings while in the service of the Federal Government or any State (or political subdivision thereof… .)" 42 U.S.C. § 402(k)(5)(A).

The ALJ found that Mr. Andersen became entitled to receive widower's benefits in July 2012. (Tr. 13). Despite this entitlement, the ALJ determined that Mr. Andersen's receipt of a

2

government pension subject to the GPO provision required reduction of his Social Security widower's benefits as of July 2012. *Id*. To calculate the GPO amount of Mr. Andersen's benefits, the ALJ included the portion of his pension, $1,428.12, that went to his ex-wife pursuant to the QDRO, deeming that portion a "court-ordered allotment." (Tr. 14). The ALJ confirmed the SSA's calculation that two-thirds of Mr. Andersen's full pension amount including the court-ordered allotment, or $3,063.33, exceeded the amount of his widower's benefit, $2,084.30. (Tr. 13-14). Consequently, the ALJ found that no widower's benefits were payable to Mr. Andersen. (Tr. 13-14). Mr. Andersen's sole argument on appeal is that the ALJ erred by wrongfully including in the GPO amount the portion paid to Mr. Andersen's ex-wife pursuant to the QDRO, thus rendering him unable to receive the widower's benefit.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). The deferential standard of review applied to the agency's findings of fact does not apply to conclusions of law or the application of legal standards or procedural rules by the agency. *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982).[2]

Mr. Andersen's case turns solely on the question of whether the ALJ applied the correct legal standards in determining the amount of his GPO offset. The GPO provision requires reduction of a Social Security benefit by two-thirds of the amount of any monthly periodic

---

[2] Purported statutory restrictions on judicial review will not be found absent clear and convincing evidence of legislative intent. *See Lindahl v. Office of Personnel Management*, 470 U.S. 768 (1985) (holding that the Civil Service Retirement Act barred only judicial review of factual determinations regarding disability and not review of alleged errors of law and procedure). The deferential standard set forth in 42 U.S.C. § 405(g) provides only that findings "as to any fact, if supported by substantial evidence, shall be conclusive…" and suggests no limits on judicial review of the application of law and procedure by the agency.

3

benefit "payable to" an individual based upon "such individual's earnings while in the service of the Federal Government… ." 42 U.S.C. § 402(k)(5)(A); 20 C.F.R § 404.408a. A government pension is defined as "any monthly periodic benefit (or equivalent) you receive that is based on your Federal, State, or local government employment." 20 C.F.R § 404.408a(a)(1)(i).

The ALJ determined that Mr. Andersen's full pension amount included the "portion of his pension that goes to his ex-wife under a court-ordered allotment," or $4,595.00. *Id.* Mr. Andersen argues that the portion of his pension that goes to his ex-wife is not "payable to" him because it is paid directly to his ex-wife and, therefore, he does not "receive" it. (Tr. 104). The ALJ rejected Mr. Andersen's interpretation of the word "received," and found that Mr. Andersen's "earned benefit is 'received' by him and then per a court order part is paid to his ex-wife." (Tr. 14).

The ALJ stated that the $4,595.00 amount represents the benefit amount that Mr. Andersen "worked for, earned, and receive[d]." (Tr. 14). However, this Court finds that Mr. Andersen does not receive $1,428.12 of that amount, because it is payable to and the property of his ex-wife by operation of Maryland law. *See* Md. Code Ann., Fam. Law § 8-205(2)(i)(2018) ("The court may transfer ownership of an interest in: a pension, retirement, profit sharing, or deferred compensation plan, from one party to either or both parties."). The SSA argues that while Mr. Andersen's ex-wife may be entitled to that amount, Mr. Andersen "constructively receives" it and then gives it to his ex-wife pursuant to court order.

The SSA's and the ALJ's interpretation of the word "receive" is not supported by case law or other authority. Rather, the dictionary definition and plain meaning of the word "receive" is "to take or acquire (something given, offered, or transmitted); get." American Heritage Dictionary 1458 (4th ed. 2009). This case is distinguishable from those cases in the Social

Security context that recognize "constructive receipt." *See Kennedy v. Shalala*, 995 F.2d 28, 29-30 (4th Cir. 1993). In *Kennedy*, the Social Security claimant "constructively received" a benefit paid directly to her spouse because, as a dependent, the claimant was deemed to have received the benefit even though it was received in the name of her spouse. *Id.* The *Kennedy* court noted that the spouse was obligated to use the amount for the claimant's benefit. *Id.* at 30. In contrast, Mr. Andersen is not a dependent of, and is no longer married to, his ex-wife. He derives no benefit from her half of the marital portion of his retirement benefit, and her receipt of the funds directly from the government does not diminish any financial obligation he owes her. Thus, Mr. Andersen neither receives nor constructively receives $1,428.12 of his $4,595.00 government pension.

The QDRO states that the Office of Personnel Management "shall make payments directly to [Carol Andersen] if, as, and when [Mr. Andersen's] retirement benefits become payable to him" and that "the former spouse, Carol G. Andersen, … shall receive fifty percent of the marital portion of [Mr. Andersen's] federal civil service retirement benefits." (Tr. 49-50). Mr. Andersen did not choose this arrangement or negotiate this payment in his divorce proceedings. (Tr. 101). Instead, the QDRO "ordered and directed" Mr. Andersen to provide a survivor benefit to his ex-wife pursuant to the Civil Service Retirement Spouse Equity Act of 1984 ("CSRSEA"). *See* Pub L. No. 98-615, 98 Stat. 3195 (1984); (Tr. 51, 101). By operation of Maryland law and the CSRSEA, and not by Mr. Andersen's or his ex-wife's choice, the Circuit Court for Prince George's County in Maryland ordered that a portion of Mr. Andersen's pension be transferred to his ex-wife. (Tr. 49-52). Under Maryland Family Law, when Mr. Andersen and his ex-wife divorced, the benefits earned by Mr. Andersen during his marriage to his ex-wife were then owned by both parties and were divided between the two. Md. Code Ann., Fam. Law

5

§ 8-201(e)(1) (2018) (defining "marital property" as "property, however titled, acquired by 1 or both parties during the marriage."); (Tr. 49-52). This is not a case, then, where a claimant entered an agreement with intent to manipulate his pension amount "received." The amount payable to Mr. Andersen's ex-wife is the amount she owns under Maryland law.

The analysis provided by the ALJ in the instant case falls short of explaining why the $1,428.12 received by and payable to Mr. Andersen's ex-wife should be included in the calculation of Mr. Andersen's GPO amount. The ALJ simply asserts an unsupported interpretation of the word "received," which is contrary to the word's plain meaning. Accordingly, the ALJ did not apply the correct legal standards to determine that Mr. Andersen's Social Security widower's benefits should be reduced pursuant to section 402(k)(5)(A).

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court DENY Plaintiff's Motion for Summary Judgment, [ECF No. 12], DENY Defendant's Motion for Summary Judgment, [ECF No. 18], and REMAND the case to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this Report and Recommendations; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de*

*novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: September 7, 2018                                    /s/
                                                            Stephanie A. Gallagher
                                                            United States Magistrate Judge